# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| DANNY LYNN JONES, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:20-CV-01083-STA-jay |
| v. | ) ) Judge S. Thomas Anderson |
| PORTFOLIO RECOVERY ASSOCIATES, L.L.C., | ) ) ) ) |
| Defendant. | ) |

## ORDER TRANSFERRING CASE

Before this Court is the Joint Notice of Stipulation for Transfer to the United States District Court for the Eastern District of Virginia, brought by Plaintiff Danny Lynn Jones on behalf of himself and all Opt-In Plaintiffs who worked in Tennessee, and Defendant Portfolio Recovery Associates, L.L.C. ("Defendant," and collectively with Plaintiffs, the "Parties").

On April 15, 2020, Plaintiff filed his Original Collective Action Complaint alleging a putative collective action for violation of the Fair Labor Standards Act (the "FLSA"), on behalf of all hourly call-center employees employed by Defendant anywhere in the United States. ECF No. 1. After Defendant moved to dismiss the non-Tennessee employees for lack of personal jurisdiction, Plaintiff stipulated to their dismissal (ECF No. 43) and transfer to the United States District Court for the Eastern District of Virginia. With the Court's permission, Plaintiff filed an Amended Collective Action Complaint (ECF No. 48) limiting the putative collective group in this case to employees from Tennessee only. Since the filing of the Original Collective Action Complaint, approximately sixty-five persons who worked for Defendant in Tennessee have consensually opted in as Plaintiffs.

On May 29, 2020, Plaintiff's counsel filed FLSA claims for the non-Tennessee employees in the United States District Court for the Eastern District of Virginia as *Scott v. Portfolio Recovery Associates, L.L.C.*, Case No. 2:20-00267-MSD-LRL (E.D. Va.), ECF No. 1. The Parties agree that the only meaningful difference between this case and *Scott* is that *Scott* seeks conditional certification of an FLSA collective group which excludes Tennessee employees.

On June 11, 2020, Defendant filed its Opposed Motion to Transfer, requesting that the Court transfer this case to the Norfolk Division of the United States District Court for the Eastern District of Virginia. Although Plaintiff initially opposed Defendant's request to transfer, the Parties now agree and stipulate that the requested transfer is appropriate. The Parties have filed a Joint Stipulation advising the Court of their agreement and stipulation, asking the Court to transfer this case to the United States District Court for the Eastern District of Virginia.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." This Court has "broad discretion over whether to transfer" a case. *Rockhill Ins. Co. v. J.M. Drilling, LLC*, No. 1:18-CV-01050-STA-egb, 2018 WL 5622289, at *2 (W.D. Tenn. Oct. 30, 2018). For the following reasons, the Court agrees with the Parties' stipulation and transfers this case to the Norfolk Division of the United States District Court for the Eastern of Virginia.

First, the Court finds Plaintiff could have brought this litigation in that judicial district because Defendant's principal place of business is in Norfolk, Virginia. ECF No. 53-1 at 2; 28 U.S.C. § 1391. Additionally, because Plaintiff challenges Defendant's alleged company-wide practices, material witnesses and documents are located at Defendant's principal place of business within the Eastern District of Virginia. Furthermore, transferring this case to the United States

District Court for the Eastern District of Virginia, which has personal jurisdiction over Defendant, will allow that court to preside over the identical claims in this case and in *Scott*. This transfer therefore promotes § 1404(a)'s interest of justice by eliminating duplicative litigation and the risk of inconsistent results. *Rockhill Ins. Co.*, 2018 WL 5622289, at * 3. Finally, the Parties consent to the requested transfer of this case. Accordingly, the Court finds that it is "in the interest of justice" that this case be transferred to the United States District Court for the Eastern District of Virginia.

It is therefore ORDERED that this case is transferred in its entirety to the Eastern District of Virginia, Norfolk Division. The Clerk is directed to transfer this case in accordance with this Order.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 29, 2020